

FILED
**Mar 05, 2019**
**01:35 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Bessie Foster | ) | Docket No. 2018-08-0237 |
| | ) | |
| v. | ) | State File No. 1227-2017 |
| | ) | |
| Andy Frain Services, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded – Filed March 5, 2019

---

In this interlocutory appeal, the employee alleged she injured her knee at work, necessitating revision surgery to her pre-existing knee replacement. The employer denied that the need for revision surgery arose primarily from the work accident. Following a hearing, the trial court determined the employee presented sufficient proof that she is likely to succeed at trial and ordered the employer to authorize the revision surgery. Thereafter, the employer attempted to re-open the proof and supplement the record with additional medical evidence not submitted at the expedited hearing. The trial court denied the motion to re-open the proof. The employer has appealed the trial court's expedited hearing order but did not appeal the order denying its motion to re-open the proof. Upon careful consideration of the record, we affirm and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Sara E. Barnett, Jackson, Tennessee, for the employer-appellant, Andy Frain Services, Inc.

Christopher L. Taylor, Memphis, Tennessee, for the employee-appellee, Bessie Foster

### Factual and Procedural Background

Bessie Foster ("Employee"), a seventy-five-year-old resident of Shelby County, Tennessee, worked as a security guard for Andy Frain Services, Inc. ("Employer"), at a sports facility in Memphis. On December 30, 2016, Employee was struck by a cart, which ran over her right foot. Employer accepted the compensability of the accident and

provided certain medical benefits under the direction of Dr. Apurva Dalal. In addition to complaints regarding her right leg and hip, Employee also reported symptoms involving her right arm. Later, she also reported symptoms in her right knee. Approximately one year after the work accident, Dr. Dalal determined Employee needed surgery to repair a pre-existing knee replacement. Dr. Dalal opined that the work accident was the primary cause of the need for the revision surgery.

Employer declined to authorize this treatment, asserting that the need for revision surgery did not arise primarily from the work accident. In support of its position, Employer noted that Employee reported no symptoms associated with her right knee until ten months after the work accident. Moreover, Employee apparently suffered a subsequent accident on or about March 21, 2017, in which she fell while getting out of bed, resulting in injuries to her right ankle and foot. Employer also relied on the expert medical opinion of Dr. Riley Jones, who concluded "I cannot relate this patient's continued complaints to her injury in December 2016." Employer argued that Dr. Jones's opinion overcame the presumption of correctness attributable to the causation opinion of Dr. Dalal, the authorized treating physician.

At an expedited hearing, Employee elected not to testify and instead relied on the medical records and deposition testimony of Dr. Dalal. Employer also offered no live witness testimony, but relied on the medical records and the opinions expressed by Dr. Jones. Following the expedited hearing, but before the trial court issued its expedited hearing order, Employer apparently discovered additional medical records from Dr. David Lavelle, the physician who performed the original knee replacement surgery. However, the trial court was unaware of this information when it issued its November 20, 2018 expedited hearing order compelling Employer to provide the recommended treatment.

Employer filed its notice of appeal on November 26, 2018. Thereafter, Employer filed a "Motion to Re-Open Proof and/or Consideration of Additional Previously Unknown Medical Report" on December 14, 2018. On December 19, 2018, we remanded the case to the trial court for the purpose of resolving the pending motion. On January 25, 2019, the trial court issued an order denying Employer's motion to re-open the proof. Employer did not appeal that order.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar

2

deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

**Analysis**

The trial court issued two orders implicated in this appeal: its expedited hearing order granting medical benefits and its order denying Employer's motion to re-open the proof. However, Employer appealed only the expedited hearing order and asserted in its notice of appeal that "[g]iven the medical proof as well as Employee's failure to disclose prior medical history related to her knee condition, [the Appeals Board] should find that her knee condition is not causally related."

In its brief on appeal, Employer presents two issues: whether the trial court erred in relying on Dr. Dalal's opinions and whether the trial court erred in failing to consider additional medical evidence. In presenting its arguments, Employer relies extensively on the opinions of Dr. Lavelle, whose records were not submitted during the expedited hearing and were excluded from consideration as a result of the trial court's order denying Employer's motion to re-open the proof. Thus, the trial court did not have or consider this information when it issued its expedited hearing order. As we have noted previously, we generally do not consider evidence on appeal that was not considered by the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Here, we decline to consider any records or argument pertaining to the treatment or opinions of Dr. Lavelle.[1]

It is well-settled that a trial court generally has the discretion to choose which expert to accredit when there is a conflict of expert opinions. *Johnson v. Midwesco, Inc.*, 801 S.W.2d 804, 806 (Tenn. 1990); *Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112, at *18 (Tenn. Workers' Comp. Panel Dec. 30, 2014); *Bass v. The Home Depot U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36,

---

[1] In its order denying Employer's motion to re-open the proof, the trial court cited Tennessee Rule of Civil Procedure 59 in support of its conclusion that there was no basis to review additional evidence and reconsider, revise, or amend its interlocutory order compelling Employer to provide additional medical benefits. Because Employer did not appeal this order, we need not address the applicability of Rule 59 to an interlocutory order or the basis for the trial court's decision to deny Employer's post-hearing motion.

at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). Moreover, the causation opinions expressed by an authorized treating physician are presumed correct, and the burden is on the opposing party to overcome this presumption by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E) (2018).

In the present case, the trial court relied on the causation opinion of Dr. Dalal, the authorized treating physician, in support of its determination that Employee was likely to prevail in proving the need for the revision surgery arose primarily from the work accident. The trial court found that Dr. Dalal "offered the more probable explanation for [Employee's] need for surgery." Although Employer presented a conflicting expert opinion from Dr. Jones, the trial court chose to accept Dr. Dalal's opinion over that of Dr. Jones, and there is no basis in this record to determine that the trial court erred in accepting the causation opinion of the authorized treating physician over that of Employer's medical expert. Accordingly, we conclude the evidence does not preponderate against the trial court's determination at this time.

## Conclusion

For the foregoing reasons, the determination of the trial court is affirmed and the case is remanded.

4



| | |
|---|---|
| Bessie Foster | ) Docket No. 2018-08-0237 |
| | ) |
| v. | ) State File No. 1227-2017 |
| | ) |
| Andy Frain Services, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of March, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Christopher L. Taylor | | | | | X | ctaylor@taylortoon.com |
| Sara E. Barnett | | | | | X | sarabarnett@spraginslaw.com |
| Heather J. Gavrock | | | | | X | hjg@spraginslaw.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov